```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                  EASTERN DISTRICT OF CALIFORNIA
10                          ----oo0oo----
11
12  KELLY KEEHNER,                    NO. CIV. 2:11-1954 WBS EFB
13           Plaintiff,
                                      ORDER RE: COSTS
14       v.
15  THE JACKSON LABORATORY, a
    Corporation of unknown origin;
16  and DOES 1 through 100,
    inclusive,
17
             Defendant.
18  _____/
19
20                          ----oo0oo----
```

On May 22, the court granted defendant's motion for summary judgment (Docket No. 27), and final judgment was entered in the case. Defendant has submitted a cost bill totaling $6,295.07. (Docket No. 29.) Plaintiff did not object to defendant's bill of costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28

1

U.S.C. § 1920.  <u>See</u> 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs.  <u>See</u> <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party.  <u>See</u> <u>Russian River Watershed Prot. Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); <u>Amarel</u>, 102 F.3d at 1523; <u>see also</u> E.D. Local R. 54-292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

After reviewing the bill of costs, and in light of the fact that plaintiff has not objected, the court finds the following costs to be reasonable:

Fees of the Clerk:                              $745.00
Fees for service of summons and subpoena:       $545.50
Fees for printed or electronically
recorded transcripts necessarily obtained

2

```
for use in the case:                      $4,525.05
Fees for witnesses:                       $80.00
Fees for exemplification and the costs
of making copies of any materials where
the copies are necessarily obtained for
use in the case:                          $399.52
```
**Total**                                 **$6,295.07**

Accordingly, costs of **$6,295.07** will be allowed.

IT IS SO ORDERED.

DATED:  June 15, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE